IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUGUST CABRERA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ISLAMIC REPUBLIC OF IRAN, <br><br> Defendant. | Case No. 19-cv-3835-JDB |
| MARK ZAMBON, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ISLAMIC REPUBLIC OF IRAN, <br><br> Defendant. | Case No. 18-cv-2065-JDB |

**PLAINTIFFS' STATUS REPORT REGARDING NON-FATAL ATTACKS**

Plaintiffs submit this status report identifying all attacks, and associated Plaintiffs, whose claims are affected by the D.C. Circuit's recent decision in *Borochov v. Islamic Republic of Iran*, 2024 WL 995897, --- F.4th ---- (D.C. Cir. Mar. 8, 2024). *See* Dkt.[1] 252. Plaintiffs propose removing these affected Plaintiffs' claims from the forthcoming Tranche 2 Special Master submission on August 1, 2024. *See* Dkt. 248 at 2. But Plaintiffs also propose that the Court allow the affected Plaintiffs' claims to remain pending for now, to give them a final opportunity to confirm that no one was killed in these attacks and to pursue a potential legislative amendment

---

[1] Unless otherwise specified, citations to "Dkt." are to the docket entries in *Cabrera v. Islamic Republic of Iran*, No. 19-cv-3835-JDB.

allowing those involved in nonfatal attacks to recover. This approach will promote judicial economy by effectively holding the affected claims in abeyance while the Court adjudicates the remaining, unaffected attacks. If the affected Plaintiffs' claims remain non-viable by the time the Court finishes adjudicating all other claims, the Court can dismiss them and close the case.

I.   **AFFECTED PLAINTIFFS**

Plaintiffs believe that *Borochov* affects 52 attacks and 139 Plaintiffs with Afghanistan-based claims. As explained in Plaintiffs' Notice of Supplemental Authority (Dkt. 252), the number of affected attacks and Plaintiffs has changed since Plaintiffs' September 2022 filing (Dkt. 107) for three reasons: (1) Plaintiffs have gathered additional attack information; (2) some Plaintiffs have dismissed their claims; and (3) additional Plaintiffs associated with the affected attacks joined the Third Amended Complaint. The below lists reflect the most current information about these attacks and Plaintiffs.

A.   ***Cabrera* Attacks**

There are 21 attacks in *Cabrera* where Plaintiffs currently believe no one was killed, involving 74 Plaintiffs. None of these Plaintiffs is in Tranche 1.

- June 9, 2007 attack, which injured Sergeant Darryl Wallace. There are three Plaintiffs associated with this attack. *See* Third Am. Compl. for Violation of the Foreign Sovereign Immunities Act, *Cabrera v. Islamic Republic of Iran*, Dkt. 133 ("TAC") ¶¶ 1599-1600, 1823-24.
    1. Darryl Wallace (WIA)
    2. Tiffany Wallace (Wife)
    3. Chase Wallace (Son)

- June 8, 2008 attack, which injured Corporal Kevin McCloskey. There is one Plaintiff associated with this attack. *See id.* ¶¶ 2154-55.
    1. Kevin McCloskey (WIA)

- April 24, 2010 attack, which injured Sergeant Michael Verardo. There is one Plaintiff associated with this attack. *See id.* ¶¶ 1592-93.
    1. Michael Verardo

- July 12, 2010 attack, which injured Staff Sergeant Kyle Malin.  There are four Plaintiffs associated with this attack.  *See id.* ¶¶ 1036-41.
    1. Kyle Malin (WIA)
    2. Alicia Malin (Wife)
    3. C.M., by and through his next friend Alicia Malin (Minor Son)
    4. K.M., by and through his next friend Alicia Malin (Minor Son)

- August 3, 2010 attack, which injured Staff Sergeant Jason Pacheco.  There are two Plaintiffs associated with this attack.  *See id.* ¶¶ 2223-26.
    1. Jason Pacheco (WIA)
    2. AnnaLeigh Pacheco (Wife)

- November 29, 2010 attack, which injured Lance Corporal Timothy Hagen.  There are five Plaintiffs associated with this attack.  *See id.* ¶¶ 2032-38.
    1. Timothy Hagen (WIA)
    2. Debra L. Hagen (Mother)
    3. Lance Timothy Hagen (Brother)
    4. Ryan Scott Hagen (Brother)
    5. Samuel Alan Hagen (Brother)

- January 4, 2011 attack, which injured Sergeant Cameron Sade Kennedy.  There are three Plaintiffs associated with this attack.  *See id.* ¶¶ 2112-17.
    1. A.D.R.K.-Y., by and through her next friend Cameron Sade Kennedy (Minor Daughter)
    2. K.A.K., by and through her next friend Cameron Sade Kennedy (Minor Daughter)
    3. T.M.S., by and through his next friend Cameron Sade Kennedy (Minor Son)

- February 24, 2011 attack, which injured Sergeant Marcus Dandrea.  There are eleven Plaintiffs associated with this attack.  *See id.* ¶¶ 523-35.
    1. Marcus Dandrea (WIA)
    2. N.D., by and through her next friend Marcus Dandrea (Minor Daughter)
    3. Leanora Dandrea (Mother)
    4. Mark William Dandrea (Father)
    5. Hope Dandrea (Sister)
    6. I.D., by and through his next friend Leonora Dandrea (Minor Brother)
    7. Benjamin Dandrea (Brother)
    8. Gabriel Dandrea (Brother)
    9. Hannah Dandrea (Sister)
    10. Joshua Dandrea (Brother)
    11. Samuel Dandrea (Brother)

- March 14, 2011 attack, which injured Staff Sergeant Elliot Lander.  There are seven Plaintiffs associated with this attack.  *See id.* ¶¶ 2129-37.
    1. Elliot Lander (WIA)
    2. Hollan Lander (Wife)
    3. T.L., by and through her next friend Elliot Lander (Minor Daughter)

3

   4. Gregory N. Lander (Father)
   5. Kimber Morin (Mother)
   6. Eric Lander (Brother)
   7. Catheryn Schoenfarber (Sister)

- April 30, 2011 attack, which injured Sergeant Nicholas D. Mendes. There is one Plaintiff associated with this attack. *See id.* ¶¶ 1114-15.
   1. Nicholas D. Mendes (WIA)

- September 13, 2011 attack, which injured Lance Corporal Kevin Honaker. There is one Plaintiff associated with this attack. *See id.* ¶¶ 878-79.
   1. Kevin Honaker (WIA)

- September 15, 2011 attack, which injured Gunnery Sergeant Travis Green. There are nine Plaintiffs associated with this attack. *See id.* ¶¶ 2016-26.
   1. Travis Green (WIA)
   2. Julie Green (Ex-Wife)
   3. Alexandria Green (Daughter)
   4. A.G., by and through her next friend Travis Green (Minor Daughter)
   5. E.G., by and through her next friend Travis Green (Minor Daughter)
   6. T.G., by and through her next friend Travis Green (Minor Daughter)
   7. Glenda Green (Sister)
   8. Colby Anderson (Step-son)
   9. Hayley Anderson (Step-daughter)

- September 23, 2011 attack, which injured Master Sergeant Joseph Deslauriers. There are two Plaintiffs associated with this attack. *See id.* ¶¶ 1952-55.
   1. Joseph Deslauriers (WIA)
   2. Lisa Deslauriers (Wife)

- November 15, 2011 attack, which injured Staff Sergeant Ross Cox. There are six Plaintiffs associated with this attack. *See id.* ¶¶ 489-96.
   1. Ross Cox (WIA)
   2. Nicole Cox (Wife)
   3. A.C., by and through his next friend Ross Cox (Minor Son)
   4. Brennan Cox (Son)
   5. H.C., by and through her next friend Ross Cox (Minor Daughter)
   6. Peyton Cooney (Daughter)

- December 13, 2011 attack, which injured Specialist Timothy Carner. There are three Plaintiffs associated with this attack. *See id.* ¶¶ 1916-20.
   1. Timothy Carner (WIA)
   2. Brittani Carner (Wife)
   3. T.M.C., by and through his next friend Timothy Carner (Minor Son)

4

- May 20, 2012 attack, which injured Sergeant Eric Lund. There is one Plaintiff associated with this attack. *See id.* ¶¶ 2152-53.
    1. Eric Lund (WIA)

- May 31, 2012 attack, which injured Sergeant Eric M. Hunter. There are two remaining Plaintiffs associated with this attack.[2] *See id.* ¶¶ 2488-89.
    1. Maria Dolores Hunter (Step-mother)
    2. Sadie Nicole Hunter (Sister)

- June 9, 2012 attack, which injured Staff Sergeant Robert Dove. There is one Plaintiff associated with this attack. *See id.* ¶¶ 1966-67.
    1. Robert Dove (WIA)

- June 12, 2012 attack, which injured Sergeant Erich Ellis. There are two Plaintiffs associated with this attack. *See id.* ¶¶ 625-26, 1717.
    1. Erich Ellis (WIA)
    2. James Ellis (Father)

- October 22, 2012 attack, which injured Major Edward Klein. There is one Plaintiff associated with this attack. *See id.* ¶¶ 969-70.
    1. Edward Klein (WIA)

- August 12, 2014 attack, which injured Specialist Alberto Diaz. There are eight Plaintiffs associated with this attack. *See id.* ¶¶ 1956-65.
    1. Alberto Diaz (WIA)
    2. Kayla Diaz (Wife)
    3. N.J.D., by and through her next friend Kayla Diaz (Minor Daughter)
    4. N.J.A.D., by and through his next friend Kayla Diaz (Minor Son)
    5. Frances Diaz (Mother)
    6. Maximo Diaz (Father)
    7. Anthony Diaz (Brother)
    8. Matthew Diaz (Brother)

### B. *Zambon* Afghanistan-Based Attacks

There are 31 Afghanistan-based attacks in *Zambon* where Plaintiffs currently believe no one was killed, involving 65 Plaintiffs. None of these Plaintiffs is in Tranche 1.

- April 3, 2009 attack, which injured Corporal Jacob Janes. There is one Plaintiff associated with this attack. *See* Plaintiffs' First Am. Compl., *Zambon v. Islamic Republic of Iran*, Dkt. 105 ("*Zambon* FAC") ¶ 41.
    1. Jacob Janes (WIA)

---

[2] Eight plaintiffs associated with this attack already received a final judgment, *see* Dkt. 138 at 2, and their claims are not affected by the D.C. Circuit's decision.

5

- May 31, 2009 attack, which injured Corporal Larry Draughn Jr.  There are three Plaintiffs associated with this attack.  *See id.* ¶¶ 19-20, 203.
    1. Larry Draughn Jr. (WIA)
    2. Kaytlin Draughn (Wife)
    3. G.A.D., a minor represented by his legal guardian, Kaytlin Draughn (Minor Son)

- July 15, 2010 attack, which injured Sergeant Julian Torres.  There are three Plaintiffs associated with this attack.  *See id.* ¶¶ 83-85.
    1. Julain Torres (WIA)
    2. Ashley Torres (Wife)
    3. J.T., a minor represented by his legal guardian, Ashley Torres (Minor Son)

- July 22, 2010 attack, which injured Staff Sergeant Dominic Fernandez.  There are four Plaintiffs associated with this attack.  *See id.* ¶¶ 25-27, 205.
    1. Dominic Fernandes (WIA)
    2. Nadia Fernandez (Daughter)
    3. E.F., a minor represented by his legal guardian, Heidi DeOtis (Minor Son)
    4. Lena Gonzalez (Mother)

- August 25, 2010 attack, which injured Sergeant Matthew Sullivan.  There is one Plaintiff associated with this attack.  *See id.* ¶ 81.
    1. Matthew Sullivan (WIA)

- October 9, 2010 attack, which injured Staff Sergeant Jack Williams.  There are three Plaintiffs associated with this attack.  *See id.* ¶¶ 94-96.
    1. Jack Williams (WIA)
    2. Ashlee Willaims (Wife)
    3. K.W., a minor represented by her legal guardian, Ashlee Williams (Minor Daughter)

- October 23, 2010 attack, which injured Lance Corporal Jason Hallett.  There is one Plaintiffs associated with this attack.  *See id.* ¶ 37.
    1. Jason Hallett (WIA)

- November 11, 2010 attack, which injured Gunnery Sergeant Guillermo Tejada.  There is one Plaintiff associated with this attack.  *See* Plaintiffs' First Am. Compl., *Blunt v. Islamic Republic of Iran*, *Zambon* Dkt. 108 ("*Blunt* FAC") ¶ 43.[3]
    1. Guillermo Tejada (WIA)

---

[3] *Blunt v. Islamic Republic of Iran*, No. 19-cv-1696-JDB was consolidated into *Zambon v. Islamic Republic of Iran*, No. 18-cv-2065-JDB.  *See Zambon* December 23, 2020 Minute Order; *Blunt* December 23, 2020 Docket Entry.

- November 29, 2010 attack, which injured Corporal Brandon Rumbaugh.  There is one Plaintiff associated with this attack.  *See Zambon* FAC ¶ 70.
    1. Brandon Rumbaugh (WIA)

- January 11, 2011 attack, which injured Staff Sergeant Mark Zambon.  There are three Plaintiffs associated with this attack.  *See id.* ¶¶ 8-9, 218-19.
    1. Mark Zambon (WIA)
    2. Jordan Zambon (Brother)
    3. Timothy Zambon (Brother)

- February 16, 2011 attack, which injured Staff Sergeant Ruben Gomez.  There are two Plaintiffs associated with this attack.  *See id.* ¶¶ 33, 35.
    1. Ruben Gomez (WIA)
    2. Daymian Gomez (Son)

- March 9, 2011 attack, which injured Specialist Jack Zimmerman.  There is one Plaintiff associated with this attack.  *See id.* ¶ 98.
    1. Jack Zimmerman (WIA)

- March 14, 2011 attack, which injured Gunnery Sergeant Brian Meyer.  There is one Plaintiff associated with this attack.  *See id.* ¶ 61.
    1. Brian Meyer (WIA)

- March 23, 2011 attack, which injured Sergeant Jordan Maynard.  There are seven Plaintiffs associated with this attack.  *See id.* ¶¶ 56, 209-14.
    1. Jordan Maynard (WIA)
    2. J.C.M., a minor represented by his legal guardian, Kelley Maynard (Minor Son)
    3. Kevin Maynard (Father)
    4. Angela Patterson (Mother)
    5. Levi Maynard (Brother)
    6. Nathan Maynard (Brother)
    7. Chelsea Curry (Sister)

- May 30, 2011 attack, which injured Corporal Skyler Coleman.  There is one Plaintiff associated with this attack.  *See id.* ¶ 16.
    1. Skyler Coleman (WIA)

- June 6, 2011 attack, which injured Sergeant James Amos.  There is one Plaintiff associated with this attack.  *See id.* ¶ 10.[4]
    1. James Amos (WIA)

---

[4] Sergeant James Amos also brought a claim for injuries he suffered in an attack in Iraq. *See Zambon* FAC ¶ 10.  Because others were killed in that attack in Iraq, his Iraq-based claim is not affected by *Borochov*.

7

- June 13, 2011 attack, which injured Private First Class Isaac Blunt.  There is one Plaintiff associated with this attack.  *See Blunt* FAC ¶ 14.
    1. Isaac Blunt (WIA)

- July 2, 2011 attack, which injured Specialist Justin Lane.  There is one Plaintiff associated with this attack.  *See Zambon* FAC ¶ 49.
    1. Justin Lane (WIA)

- July 3, 2011 attack, which injured Corporal Carlos Torres.  There is one Plaintiff associated with this attack.  *See id.* ¶ 82.
    1. Carlos Torres (WIA)

- August 7, 2011 attack, which injured Sergeant Brian Jergens.  There are two Plaintiffs associated with this attack.  *See id.* ¶¶ 44, 208.
    1. Brian Jergens (WIA)
    2. Jennifer Jergens (Wife)

- November 12, 2011 attack, which injured Corporal Joshua Sust.  There is one Plaintiff associated with this attack.  *See Blunt* FAC ¶ 42.
    1. Joshua Sust (WIA)

- November 15, 2011 attack, which injured Corporal Michael Fox.  There are nine Plaintiffs associated with this attack.  *See id.* ¶¶ 17, 198-205.
    1. Michael Fox (WIA)
    2. Festus Fox (Father)
    3. Victoria Fox (Step-mother)
    4. Sheila Fox (Half Sister)
    5. Christina Lawrence (Half Sister)
    6. Guy Fox (Step-brother)
    7. Festus Fox III (Half Brother)
    8. Margaret Jones (Mother)
    9. Richard Jones (Step-father)

- November 20, 2011 attack, which injured Sergeant Ricardo PerezRamos.  There are four Plaintiffs associated with this attack.  *See id.* ¶¶ 30-32.
    1. Ricardo PerezRamos (WIA)
    2. Darilyn Perez Ramos (Wife)
    3. B.M., a minor represented by his legal guardian, Darilyn Perez Ramos (Minor Step-son)
    4. S.P., a minor represented by her legal guardian, Darilyn Perez Ramos (Minor Daughter)

- January 12, 2012 attack, which injured Corporal Joshua Sams.  There is one Plaintiff associated with this attack.  *See Zambon* FAC ¶ 71.
    1. Joshua Sams (WIA)

8

- February 7, 2012 attack, which injured Specialist Terence Jones. There is one Plaintiff associated with this attack. *See id.* ¶ 45.
    1. Terence Jones (WIA)

- May 30, 2012 attack, which injured Staff Sergeant Jason Gibson. There are two Plaintiffs associated with this attack. *See id.* ¶¶ 30-31.
    1. Jason Gibson (WIA)
    2. Kara Gibson (Wife)

- June 20, 2012 attack, which injured Corporal Jedidiah Morgan. There are three Plaintiffs associated with this attack. *See id.* ¶¶ 62-63, 215.
    1. Jedidiah Morgan (WIA)
    2. Anna Morgan (Wife)
    3. Gabriel Morgan (Brother)

- July 8, 2012 attack, which injured First Lieutenant Nathan Rimpf. There is one Plaintiff associated with this attack. *See Blunt* FAC ¶ 35.
    1. Nathan Rimpf (WIA)

- September 30, 2012 attack, which injured Sergeant Cameron Stuart. There are two Plaintiffs associated with this attack. *See Zambon* FAC ¶¶ 79-80.
    1. Cameron Stuart (WIA)
    2. Katy Stuart (Wife)

- March 17, 2013 attack, which injured Staff Sergeant Samuel Shockley. There is one Plaintiff associated with this attack. *See id.* ¶ 72.
    1. Samuel Shockley (WIA)

- September 26, 2013 attack, which injured Specialist Seth Wakeling. There is one Plaintiff associated with this attack. *See Blunt* FAC ¶¶ 44.
    1. Seth Wakeling (WIA)

C. **Excluded Attacks**

Plaintiffs note that there were seven attacks included in Plaintiffs' September 2022 filing (Dkt. 107), which Plaintiffs have excluded from this list of affected attacks. Four of these attacks—the June 5, 2009 attack that injured Corporal Paul Schaus (TAC ¶¶ 2327-28), October 25, 2010 attack that injured Corporal Todd Love (*id.* ¶¶ 2150-51), September 11, 2008 attack that injured Specialist Jacob Lerner (*Zambon* FAC ¶ 53), and March 3, 2012 attack that injured

9

Specialist Jose Martinez Hernandez (*id.* ¶ 54)—are not included because all the associated Plaintiffs have since dismissed their claims.  *See* Dkt. 244.

Plaintiffs have also removed four additional attacks from the previous list because additional investigation has revealed that other individuals were killed in the attack.  None of these Plaintiffs associated with these three attacks is in Tranche 1.  Plaintiffs will submit evidence in their Tranche 2 submissions establishing that each was injured in an "extrajudicial killing" as *Borochov* interpreted it.

*First*, Plaintiffs have excluded the September 5, 2006 attack, which injured Sergeant First Class Gregory Stube.  Gregory Stube Jr. is also a Plaintiff associated with this attack.  *See Blunt* FAC ¶¶ 40-41.  After Plaintiffs' September 2022 filing (Dkt. 107), Plaintiffs' counsel spoke to SFC Stube and gathered additional details about the attack.  SFC Stube was injured when his vehicle struck an IED during a patrol.  Immediately after SFC Stube was extracted from his burning vehicle, another vehicle in the same patrol struck an IED, killing another service member.

*Second*, Plaintiffs have excluded the September 12, 2009 attack that injured Sergeant First Class Marc Dervaes—the only Plaintiff associated with this attack, TAC ¶¶ 1950-51.  SFC Dervaes has since informed Plaintiffs' counsel that he was injured while taking part in a three-day operation to set up an over-watch position to provide security for a convoy.  At least one other service member was killed during that operation before SFC Dervaes was injured by an RPG.

*Third*, the May 11, 2010 attack, which injured Sergeant Kendra (Garza) Pieper, is excluded because SGT Pieper believes Afghan civilians died in the attack in which she sustained injuries.  Plaintiffs are working on collecting evidence for the Special Master and the Court


establishing that the attack on SGT Pieper was an extrajudicial killing. The three Plaintiffs associated with this attack are SGT Pieper, David Pieper, and Kaila Carrier. *See Zambon* FAC ¶ 29; TAC ¶¶ 2501-02.

*Fourth,* Plaintiffs have excluded the August 24, 2014 attack, which injured Captain Carey DuVal, who is the only Plaintiff associated with this attack. *See Blunt* FAC ¶ 16. Plaintiffs believe *Borochov* does not affect this attack because the attacker killed himself during it. Although *Borochov* concluded that a bystander shooting the attacker does not make the attack an extrajudicial killing, that was because such a killing was not "undertaken, much less 'deliberated,' by [Defendants] or their confederates. Nor did the shooting cause [Plaintiffs'] injuries." *Borochov*, 2024 WL 995897, at *6 (quoting 28 U.S.C. § 1350 note). Here, however, Plaintiffs will submit evidence that a suicide bomber deliberately detonated his vehicle right next to the vehicle carrying Captain DuVal. As Plaintiffs' experts have explained, suicide attacks require significant planning and are intended to kill the attacker and anyone nearby. *See, e.g.*, Dkt. 59-3 ¶¶ 88-91. The suicide bomber thus committed a deliberated killing that also severely injured Captain DuVal. Plaintiffs will address this issue in the briefing before the Special Master.

### D. Other Non-Affected Attacks

To be transparent with the Court, Plaintiffs have identified five other attacks that Plaintiffs believe *Borochov* does not affect but recognize that they raise additional questions for the Court to consider. These attacks were not included in the September 2022 list, and we have not included them in the affected Plaintiffs list here. Two of the attacks are part of Tranche 2, and Plaintiffs will address them as part of the Tranche 2 submissions. But three attacks are part of Tranche 1 and are currently pending before this Court. We are prepared to make short

supplemental submissions to address *Borochov*'s effect on these three attacks, should the Court deem it necessary.

*First*, *Borochov* might plausibly affect the March 9, 2012 complex attack, which initially injured Navy Corpsman Daniel Brown. *See Zambon* FAC ¶ 13. Plaintiffs have submitted evidence that Corpsman Brown suffered multiple injuries including a serious traumatic brain injury ("TBI") during the attack. Over time, injuries linked to the attack increasingly ravaged his body, and he ultimately died by suicide. As one medical provider informed his widow, Corpsman Brown had "textbook" chronic traumatic encephalopathy ("CTE"), a degenerative brain disease which arises from concussions or traumatic brain injuries. But for the terrorist attack and resultant debilitating injuries—which the attacker deliberately and foreseeably inflicted—Corpsman Brown would not have killed himself. For that reason, the attack constitutes an extrajudicial killing. The seven Plaintiffs associated with this attack—Kristina Brown, Scott Brown, Tanya Brown, Andrew Brown, Luke Brown, and Molly Brown (*see Zambon* FAC ¶¶ 14, 198-202)—are in Tranche 1, and Special Master Stephen A. Saltzburg submitted a Report and Recommendation considering their claims. *See* Dkt. 231-9, at 198-208. Plaintiffs are prepared to submit supplemental briefing or evidence on the connection between the March 9, 2012 attack and Corpsman Brown's death if the Court requires.

*Second*, *Borochov* could also affect the April 18, 2007 attack that injured Corporal John Zelko III. *See* TAC ¶¶ 2459-60. Plaintiffs did not include this attack in the September 2022 filing identifying nonfatal attacks because Corporal Zelko explained that he was injured during an extended, multi-day firefight where many individuals were killed. At least one member of the Coalition Forces was killed the day before, and the terrorists killed multiple civilians in the hours before Corporal Zelko was injured. Plaintiffs believe that the extended firefight was one terrorist

"act" resulting in multiple injuries and deaths. Corporal Zelko provided a declaration describing his attack for purposes of the attribution expert report that states that other American soldiers died during the same extended firefight, Dkt. 231-11, Ex. 118. But, because the Court had held that Plaintiffs could recover for their injuries regardless of whether anyone else was injured in the attack, Corporal Zelko's damages declaration does not contain this information. Ex. 231-9 at pdf pp. 736-77. Corporal Zelko and his four family members—John R. Zelko Jr., Karen Suzanne Zelko, Jennifer Marie Zelko, and Trent Donald Zelko (TAC ¶¶ 2459-60, 2468-71)—are in Tranche 1, and Special Master Stephen A. Saltzburg submitted a Report and Recommendation considering their claims. *See* Dkt. 231-9, at 82-87. Plaintiffs are prepared to submit a supplemental declaration from Corporal Zelko providing additional detail about the others that were killed in the attack if the Court requires.

*Third*, Plaintiffs have not included the October 18, 2010 attack that injured Specialist Kyle Stewart, who is the only Plaintiff associated with this attack. *See Zambon* FAC ¶ 78. Specialist Stewart was injured in an IED explosion that occurred during a prolonged operation. When Plaintiffs' counsel was preparing the September 2022 list, Specialist Stewart explained that the day after he was injured, another IED exploded approximately 100 meters from where he was injured killing one of his unit members. Plaintiffs believe that this death was part of the same terrorist "act"—a multiday complex attack—that injured Specialist Stewart. But the declaration he submitted as part of Tranche 1 does not include the same level of detail. There, he states that: "I learned that my best friend, who was also a part of Operation Dragon Strike, was killed from an IED explosion." Dkt. 231-7 at 143. Special Master Susan Meek considered Specialist Stewart's claims during Tranche 1. *Id.* If the Court requires, Plaintiffs will submit a supplemental declaration from Specialist Stewart providing additional detail.

*Fourth*, Plaintiffs have not included the May 7, 2010 IED attack, which initially injured Lance Corporal Randal P. Wright. *See* TAC ¶¶ 1675-76. Lance Corporal Wright lost both of his legs and the fingers on his left hand in this attack. Because of the attack, he was prescribed multiple opioids including OxyContin, methadone, oxycodone, morphine, and fentanyl to try to address the pain. Lance Corporal Wright died of an opioid overdose, and Plaintiffs will argue that but for the attack, he would not have died of an overdose. This attack and the associated Plaintiffs—Kristen Colleen (Wright) Lunders, Dawn Marie Pattee, Jalisa Marie (Hammond) Stark, and F.S. (LCpl Wright's minor daughter) (TAC ¶¶ 1677-80)—are in Tranche 2, and Plaintiffs will address this issue in the briefing before the Special Master.

*Finally*, Plaintiffs have not included the March 16, 2010 suicide attack that initially injured Staff Seargeant Allen R. Thomas. *See* TAC ¶¶ 1547-48. To start, the attack constitutes an extrajudicial killing because SSG Thomas, like Captain DuVal, was injured in a suicide attack, during which the terrorist killed himself with a suicide vest. *See supra* at 10-11. Additionally, SSG Thomas experienced significant injuries during the attack, and he eventually killed himself during a PTSD flashback. Plaintiffs will argue that the attack caused his PTSD and ultimately his death. The two family member Plaintiffs of SSG Thomas—Danica Thomas and L.T. (SSG Thomas's minor daughter) (TAC ¶¶ 1549-1551)—are in Tranche 2, and Plaintiffs will address both issues in the briefing before the Special Master.

## II.   PROPOSAL FOR AFFECTED PLAINTIFFS

Plaintiffs' Tranche 2 written submissions to are due to the Special Masters by August 1, 2024. *See* Dkt. 248 at 2. Plaintiffs propose to remove the affected Plaintiffs described above (*see supra* §§ I.A, I.B) from these August 1 submissions. Because these Plaintiffs likely cannot

14

recover under the D.C. Circuit's current decision in *Borochov*,[5] Plaintiffs recognize that it would be inefficient to ask the Special Masters (or this Court) to consider the affected Plaintiffs' claims now. But Plaintiffs ask the Court to permit the affected Plaintiffs' claims to remain pending while the Court finishes adjudicating the other, unaffected claims.

To start, counsel has not focused on uncovering evidence of whether others died in these affected attacks, given this Court's earlier holding (which Plaintiffs believed was correct) that the FSIA's terrorism exception for extrajudicial killing "does encompass injuries occurring in nonfatal attacks, so long as those injuries are the foreseeable result of a defendant nation's material support for acts of extrajudicial killing." Dkt. 130 at 2 (emphasis omitted). We currently believe that all the affected Plaintiffs were injured in nonfatal attacks, but we request additional time to confirm this with Plaintiffs and to collect any evidence to the contrary. If we determine that any of the affected attacks in fact involved a fatality, we will immediately inform the Court and restore the attack to our forthcoming Tranche 2 submissions.[6]

What is more, we anticipate there will be efforts to pursue a legislative amendment to address 28 U.S.C. § 1605A and remedy the current inability of plaintiffs injured in a terrorist attack to recover in this Circuit. If such an amendment were to pass, it would be more efficient for the affected Plaintiffs to continue to pursue their claims as part of this case. Their complaints have already been served on Iran, and filing a new lawsuit in the future would create significant additional expense and further delay these Plaintiffs' claims. Moreover, this Court has already

---

[5] Additionally, counsel for appellant in *Borochov* anticipates petitioning the D.C. Circuit for rehearing *en banc*. *See* Pls.' Notice of New Authority, Dkt. 165, *Karcher, et al. v. Islamic Republic of Iran*, Case No. 1:16-cv-00232-CKK at 4. Plaintiffs will inform the Court if the Court of Appeals grants rehearing.

[6] Although Plaintiffs will conduct this investigation as quickly as possible, Plaintiffs request permission to make a supplemental submission to the Special Masters if they uncover such evidence after August 1, 2024.

made many factual and legal findings that will guide the administration of the affected Plaintiffs' claims.  It would therefore be more efficient for the Court to consider any claims by the affected Plaintiffs.

If there has been no change to the affected Plaintiffs' ability to pursue their claims by the time the Court resolves the remaining, unaffected claims, Plaintiffs will file a notice of voluntary dismissal for the affected Plaintiffs, to permit the Court to close the case.

Dated:  April 1, 2024

Respectfully submitted,

*/s/ Joshua D. Branson*
Joshua D. Branson (D.C. Bar No. 981623)
Andrew E. Goldsmith (D.C. Bar No. 1007074)
Grace W. Knofczynski (D.C. Bar No. 1500407)
James A. Ruck (D.C. Bar No. 1739309)
Kellogg, Hansen, Todd,
 Figel & Frederick, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel:  (202) 326-7900
Fax:  (202) 326-7999
jbranson@kellogghansen.com
agoldsmith@kellogghansen.com
gknofczynski@kellogghansen.com
jruck@kellogghansen.com

Robert W. Cowan
DC Bar No. TX0148
Bailey Cowan Heckaman PLLC
Four Oaks Place
1360 Post Oak Blvd., Suite 2300
Houston, Texas 77056
Telephone: (713) 425-7100
Facsimile: (713) 425-7101
rcowan@bchlaw.com

*Counsel for Zambon Afghanistan-Based Plaintiffs*

Ryan R. Sparacino (D.C. Bar No. 493700)
Sparacino PLLC
1920 L Street, NW, Suite 835
Washington, D.C. 20036
Tel:  (202) 629-3530
ryan.sparacino@sparacinopllc.com

*Counsel for Cabrera Plaintiffs and Zambon Afghanistan-Based Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of April, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

<div style="text-align: right;">

*/s/ Joshua D. Branson*
Joshua D. Branson

</div>