## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MARK ZAMBON, *et al*.,

               Plaintiffs,

     v.

ISLAMIC REPUBLIC OF IRAN,

               Defendant.

Case No. 1:18-cv-2065-JDB

## PLAINTIFFS' MOTION TO AMEND CAPTION AND SUBSTITUTE PLAINTIFFS

Plaintiffs Aidan McCloud, Landyn McCloud, and Anthony Revis (formerly Anthony Patterson) (previously referenced as minor Plaintiffs A.M., L.M., and A.P.) respectfully request that the Court amend the caption of this case to remove their respective next friends and substitute Aidan McCloud, Landyn McCloud, and Anthony Revis as the real parties in interest now that the three claimants have reached the age of majority.

## BACKGROUND

Aidan McCloud, the son of attack victim U.S. Army Private First Class Christopher McCloud, is named as a Plaintiff (identified as A.M., represented by his legal guardian, Sheena McCloud) in the Complaint. (*See* Compl. at ¶ 60 (Dkt. 1); *see also* Am. Compl. at ¶ 60 (Dkt. 105).) At the time of filing, Mr. McCloud was a fourteen-year-old minor, which necessitated his mother and legal guardian, Plaintiff Sheena McCloud, to bring Mr. McCloud's claims on his behalf. *See* Fed. R. Civ. P. 17(c). Aidan McCloud is now twenty years old and therefore an adult under the laws of Texas, where he resides. *See* Tex. Civ. Prac. & Rem. Code Ann. § 129.001 (establishing eighteen years of age as the age of majority).

Landyn McCloud, the son of U.S. Army Private First Class Christopher McCloud, is named as a Plaintiff (identified as L.M., represented by his legal guardian, Sheena McCloud) in the Complaint. (*See* Compl. at ¶ 60 (Dkt. 1); *see also* Am. Compl. at ¶ 60 (Dkt. 105).) At the time of filing, Mr. McCloud was a fourteen-year-old minor, which necessitated his mother and legal guardian, Plaintiff Sheena McCloud, to bring Mr. McCloud's claims on his behalf. *See* Fed. R. Civ. P. 17(c). Aidan McCloud is now eighteen years old and therefore an adult under the laws of Texas, where he resides. *See* Tex. Civ. Prac. & Rem. Code Ann. § 129.001 (establishing eighteen years of age as the age of majority).

Anthony Revis (formerly Anthony Patterson), the son of attack victim U.S. Army Sergeant Justin Patterson, is named as a Plaintiff (identified as A.P., represented by Elisa Patterson, the then-wife of Anthony's father, U.S. Army Sergeant Justin Patterson) in the Complaint. (*See* Comp. at ¶ 67 (Dkt. 1); *see also* Am. Compl. at ¶ 67 (Dkt. 105).) At the time of filing, Mr. Revis was a fourteen-year-old minor, which necessitated a representative to bring Mr. Revis's claims on his behalf. *See* Fed. R. Civ. P. 17(c).[1] Anthony Revis is now 19 years old and therefore an adult under the laws of Arizona, where he resides. *See* Ariz. Rev. Stat. Ann. § 1-215 (2021) (establishing eighteen years of age as the age of majority).

---

[1] Counsel recently became aware that Ms. Patterson was mistakenly listed as Mr. Revis's next friend, given Mr. Revis's biological mother was granted full legal custody of Mr. Revis in 2011 until the date of his age of majority and as such should have been offered as his next friend instead of Ms. Patterson. However, now that Mr. Revis is an adult under the state law of his domicile, Plaintiff requests that this Court allow him to be substituted in his own right through this Motion.

## ARGUMENTS AND AUTHORITIES

I.     **Removal of Sheena McCloud and Elisa Patterson as Next Friends of A.M., L.M., and A.P., and Substitution of Aidan McCloud, Landyn McCloud, and Anthony Revis is Proper Under Federal Rules of Civil Procedure 15, 17, and 25.**

When the Complaint was filed, it was necessary for Aidan McCloud, Landyn McCloud, and Anthony Revis to sue through their respective guardians as their next friends.  *See* Fed. R. Civ. P. 17(c)(1)(A).  Because Aidan, Landyn, and Anthony are no longer minors, their next of friends should be removed, they should be substituted as the real parties in interest,  and the case caption should be amended accordingly.

Federal Rule of Civil Procedure 17 provides that the real party in interest may be "substituted into the action," at which point "the action proceeds as if it had been originally commenced by the real party in interest." Fed. R. Civ. P. 17(a)(3).  *See, e.g., Brooks v. District of Columbia*, 841 F. Supp. 2d 253, 261 (D.D.C. 2012) (granting motion to substitute child as plaintiff and real party in interest upon reaching the age of majority pursuant to Rule 17(a)(3)).  Substitution of a plaintiff who has reached the age of majority for his or her next friend is also be authorized under Rules 15 and 25.  *See, e.g., Walker v. Evans*, No. 10-12596, 2011 WL 3583248, at *1 (E.D. Mich. Aug. 15, 2011) ("Although Federal Rule of Civil Procedure 25 does not explicitly contemplate [substituting minors for their next friends], the court sees no reason why substitution would not be appropriate, under either that Rule or under Rule 15 permitting amendments to the complaint, when minor parties reach the age of majority."); *Richard v. MWW Transport, Inc.*, No. 1:20-cv-01151-SDG, 2021 WL 9385878, at *2 (N.D. Ga. Aug. 13, 2021) (granting plaintiffs' motion to amend the Complaint pursuant to Rule 15 and finding it appropriate to substitute a plaintiff who "has reached the age of majority and can now represent her own legal interests"); *Z.C. v. Wal-Mart Stores, Inc.*, 574 F. App'x 52, 54 (2d Cir. 2014) (directing a plaintiff that had

reached the age of majority to file a motion of substitution pursuant to Rule 25 of the Federal Rules of Civil Procedure).

Accordingly, courts allow, as a matter of course, substitution of formerly minor plaintiffs in place of their next friends. *See, e.g.*, Min. Order Granting Mot. to Substitute Party, *Heaton v. Islamic Republic of Iran*, 1:19-cv-03003-JMC (June 8, 2023) (granting motion to remove parent as next friend and amending docket to reflect child as plaintiff); *see also* Min. Order Granting Mot. to Substitute Party, *Colvin v. Syrian Arab Republic*, 1:16-cv-01423-ABJ (Mar. 27, 2018) (granting motion to remove parent as next friend and amending docket to reflect child as plaintiff). That same approach is warranted here.

## II.  Substitution of Aidan McCloud, Landyn McCloud, and Anthony Revis Does Not Require Serving an Amended Complaint Under the Foreign Sovereign Immunities Act.

Granting this Motion would not require Plaintiffs to effect service on Iran again. Although a foreign state sued in the United States is entitled to be served with the initial complaint and summons, it largely forgoes the right to receive service of further filings if it fails to appear and defaults, as Iran did here. Dkt. 20, Clerk's Entry of Default as to Islamic Republic of Iran; *see Dammarell v. Islamic Republic of Iran*, 370 F. Supp. 2d 218, 223–25 (D.D.C. 2005); *see also* 28 U.S.C. § 1608 (requiring service of the initial complaint and summons, and of any eventual default judgment, but not of any intermediary filings); *see also* Fed. R. Civ. P. 5(a)(2) (waiving service requirements for most pleadings after the original complaint, discovery papers, motions, and other documents for "a party who is in default for failing to appear").

While courts have acknowledged "the possibility that additions to a complaint could be so substantial that the amended complaint must be served on a foreign state under section 1608 even though the foreign state is not being added to the complaint for the first time," *Dammarell*, 370 F. Supp. 2d at 225, those *substantial* changes are not present here. *See* Fed. R. Civ. P. 5(a)(2)

(requiring that even a defaulting defendant be served with any "pleading that asserts a new claim for relief against" them).  Indeed, amendments to a complaint, as here, that "do[] not add any claims but instead clarif[y] existing claims" do not trigger a renewed service obligation.  *Maalouf v. Islamic Republic of Iran*, 514 F. Supp. 3d 280, 286 (D.D.C. 2021) (quoting *Dammarell*, 370 F. Supp. 2d at 224).

Substituting a minor who has reached the age of majority as a plaintiff does not amount to a change "so substantial" that service on Iran might be required.  *See id.*  The substitution, here, is nothing more than a *pro forma* request designed to ensure that Aidan McCloud, Landyn McCloud, and Anthony Revis are properly addressed on the docket, since they were "always the real party in interest."  *Wilson v. Webb,* 2000 WL 1359624, at *10 (6th Cir. Sept. 13, 2000); *accord Crowder v. Gordons Transps., Inc*., 387 F.2d 413, 418–19 (8th Cir. 1967).  In fact, at least one court in this district has *sua sponte* substituted a plaintiff who had reached the age of majority, without requiring notice be given to the foreign sovereign.  *See, e.g.*, *Ben-Rafael v. Islamic Republic of Iran*, 540 F. Supp. 2d 39, 49 (D.D.C. 2008).

## CONCLUSION

Aidan McCloud, Landyn McCloud, and Anthony Revis respectfully request that the Court substitute their names for their respective initials and guardians as next friends, and amend the caption to list Aidan McCloud, Landyn McCloud, and Anthony Revis as Plaintiffs in their own right.

Dated:  April 11, 2024                    Respectfully submitted,


/s/ *Robert W. Cowan*
Robert W. Cowan (D.C. Bar No. TX0148)
Bailey Cowan Heckaman PLLC
Four Oaks Place
1360 Post Oak Blvd., Suite 2300
Houston, TX 77056
Tel: (713) 425-7100
Fax: (713) 425-7101
rcowan@bchlaw.com

Nicholas Reddick (D.C. Bar No. 1670683)
Willkie Farr & Gallagher LLP
One Front Street
San Francisco, CA 94111
Tel: (415) 858-7400
Fax: (415) 858-7599
NReddick@willkie.com

Michael J. Gottlieb (D.C. Bar No. 974960)
Devin Charles Ringger (D.C. Bar No. 1044160)
Willkie Farr & Gallagher LLP
1875 K Street, NW
Washington, DC 20006-1238
Tel: (202) 303-1000
Fax: (202) 303-2000
MGottlieb@willkie.com
DRingger@willkie.com

Ryan R. Sparacino (D.C. Bar No. 493700)
Sparacino PLLC
1920 L Street, NW, Suite 535
Washington, DC 20036
Tel: (202) 629-3530
ryan.sparacino@sparacinopllc.com

*Counsel for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 11th day of April 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

/s/ *Robert W. Cowan*

Robert W. Cowan
